85 F.3d 639
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ana Maria URRUTIA-RUIZ; Alfonso Juarez-Urrutia; Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70886.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided May 8, 1996.
 
 1
 Before: NORRIS and WIGGINS, Circuit Judges, and JONES,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Ana Maria Urrutia-Ruiz petitions for review of a decision of the Board of Immigration Appeals denying her application for asylum under 8 U.S.C. § 1158(a) and withholding of deportation under 8 U.S.C. § 1253(h).
 
 
 4
 The Board of Immigration Appeals denied her application on the ground that she had failed to establish that she had a well-founded fear of persecution by the Sandinistas if she returned to Nicaragua because the Sandinista Party no longer governs Nicaragua. It first found that she had not established past persecution. It further found that she had not established a well-founded fear of future persecution, explaining that she had presented no evidence
 
 
 5
 of even one instance in which the Sandinistas, following their removal from power, have imprisoned or otherwise harmed or have sought to harm any individual upon her return to Nicaragua merely on account of her refusal many years earlier to participate in Sandinista activities, her membership in Somoza's political party or having been employed by a Somoza family member, or her familial relationship to former members of the National Guard.
 
 
 6
 Decision of the Board of Immigration Appeals, filed Dec. 19, 1994, at 2.
 
 
 7
 Urrutia-Ruiz first argues that the BIA erred in finding that the harm she suffered under the Sandinistas did not establish past persecution. However, this argument does not help her because the BIA further found that "even if past persecution had been established in the case before us, so as to establish a rebuttable presumption that there exists a likelihood of persecution in the future, that presumption has been rebutted by the changed circumstances in Nicaragua." Id. at 3.
 
 
 8
 Second, she argues that her past persecution warrants a grant of asylum even if she faces no likelihood of future persecution. The BIA, however, found that there were no humanitarian or compelling bases warranting such a grant of asylum. Cf. Matter of Chen, Int.Dec. 3104 (BIA 1989) (discretionary grant of asylum was warranted for humanitarian reasons notwithstanding the fact that there was little likelihood of future persecution because the applicant had been persecuted severely since childhood and had sustained serious physical and psychological damage). The BIA's conclusion is supported by the record.
 
 
 9
 In sum, substantial evidence supports the BIA's conclusion that Urrutia-Ruiz has failed to demonstrate either that she has a well-founded fear of future persecution under the new government in Nicaragua, or that she suffered past persecution so severe that repatriation would be inhumane. Accordingly, the petition is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Napoleon A. Jones, Jr., United States District Judge, Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3